**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JUSTIN JESUS RIVERA, | CASE NO. EDCV 22-1157-AB (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| CDCR SECRETARY, | |
| Respondent. | |

### I. BACKGROUND

On July 5, 2022, Justin Jesus Rivera ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").[1] (Dkt. No. 1). Petitioner challenges the trial court's calculation of presentence custody credits related to his 2017 guilty pleas to charges of robbery and possession for sale of a controlled substance. (Petition at 2-3).

---

[1] Although filed on a form petition created by the state courts, the Court assumes that the Petition was filed pursuant to 28 U.S.C. § 2254.

Specifically, it appears Petitioner argues, as he did in the state courts, that the trial court improperly denied Petitioner pre-sentencing custody credits pursuant to California Penal Code section 2900.5.[2] (Petition at 3; see also Petition at 4-5 [stating claims raised in state court]).

---

[2] California Penal Code section 2900.5, effective January 1, 2017, provides in pertinent part:

> (a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section 1203.016 or 1203.018, shall be credited upon his or her term of imprisonment . . . .
>
> (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.
>
> (c) For the purposes of this section, "term of imprisonment" includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency.
>
> (d) It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c).

Petitioner's sentencing error claim only involves the application and/or interpretation of state law and consequently is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(reiterating that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984); see also O'Neal v. Sherman, 2016 WL 1715185, at *16 (C.D. Cal. Apr. 28, 2016) (claim that state court miscalculated presentence custody credits not cognizable on federal habeas corpus); Guerrero v. Holland, 2015 WL 6560524, at *3 (C.D. Cal. Aug. 31, 2015) (finding claim regarding the denial of presentence custody credits pursuant to California Penal Code

---

number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213. . . .

section 2900.5 not cognizable on federal habeas review); Mason v. Holt, 2016 WL 6136076, at *5 (E.D. Cal. Oct. 21, 2016) ("Federal district courts that have considered the issue have concluded that the denial of presentence conduct credits under Cal. Penal Code §§ 4019 and 2900.5 implicates only state law questions, and therefore such claims are not cognizable on federal habeas review.").

Petitioner has not transformed his state law sentencing claim into a cognizable federal constitutional claim with his conclusory citations to due process under the Fifth and Fourteenth Amendments. (See Petition at 3). "[Petitioner] may not [] transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). This holds true for claims making conclusory assertions of a due process violation for denying presentence custody credits pursuant to California Penal Code section 2900.5. See Guerrero v. Holland, 2015 WL 6560524, at *3 ("Notwithstanding petitioner's cursory citations to the Equal Protection and Due Process Clauses, his allegations do not involve a deprivation of any federally protected right.").

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.[3]

---

[3] The Court notes that it appears from the face of the Petition that it also is untimely under the one-year statute of limitations

4

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 23, 2022

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

provided for under 28 U.S.C. § 2244(d)(1). However, because Petitioner is entitled to notice before his Petition is dismissed on the basis of untimeliness, see Day v. McDonough, 547 U.S. 198, 202 (2006) ("[B]efore acting on its own initiative [on the issue of untimeliness], a court must accord the parties fair notice and an opportunity to present their positions."), the Court does not dismiss on this basis.

5